#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Civil Case No.   02-1161-JPG |
| | ) |
| **RAKESH CHANDRA,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are pending motions. The first item considered is plaintiff's motion seeking my disqualification or recusal (Doc. No. 71).

Title 28 U.S.C. § 455 sets forth the legal criteria for disqualification of federal judges. Plaintiff's motion is based on § 455(b), which requires a judge to recuse when he or she has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(b)(1). When a litigant files a timely and sufficient affidavit demonstrating personal bias or prejudice, a judge must arrange for another judge to hear the case. 28 U.S.C. § 144. Because Judge Gilbert fully discussed the standard for recusal in his April 6, 2005, Order, that discussion is not repeated here.

In his affidavit, plaintiff directs my attention to rulings in this case, specifically an adverse recommendation made in September, 2005. Plaintiff's affidavit, filed on November 28, 2005, is untimely. Moreover, the affidavit does not identify any personal bias stemming from an extrajudicial source or provide details that would lead a reasonable, well-informed person to believe that I have formed an opinion on the merits based on something other than information presented in this case. *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001). Because plaintiff's affidavit is insufficient, his motion for recusal or disqualification (Doc. No. 71) is

DENIED.

Also pending is plaintiff's motion for an "adequate remedy" and copies (Doc. No. 69). Plaintiff alleges interference with incoming legal mail on November 5, 2005, and asks for copies of the "last three filings of any pleadings." The motion is opposed by defendant Rhodes, who attempted to resolve plaintiff's concerns by providing him with a copy of the Clerk's docket entries on November 19, 2005. Although Rhodes asked plaintiff to identify any pleadings that he did not receive, she received no response (Doc. No. 74). While Rhoade's efforts are reasonable, the Court will take steps to ensure that documents recently served on plaintiff were actually delivered. Plaintiff's motion (Doc. No. 69) is GRANTED as follows. The Clerk is DIRECTED to send copies of the following documents to plaintiff along with plaintiff's copy of this order, free of charge:

> RESPONSE to Motion re 50 MOTION to Compel and Court Order and Motion for Discovery Request Production of Document Court Order filed by Rakesh Chandra, Jill Stevens, Cheryl Couch, Katherine Lingle, Kristin Kwasniewski. (Doc. No. 57).
>
> RESPONSE in Opposition re 55 MOTION to Hold Decision of Report and Recommendation until Defendants Produce a Copy of the Grievance Plaintiff Did Have Exhausted Concerning this Very Case Claims MOTION to Produce MOTION to Hold Decision of Report and Recommendation until Defendants Produce a Copy of the Grievance Plaintiff Did Have Exhausted Concerning this Very Case Claims MOTION to Produce filed by Kelly Rhodes (Doc. No. 58).
>
> RESPONSE to Motion re 55 MOTION to Hold Decision of Report and Recommendation until Defendants Produce a Copy of the Grievance Plaintiff Did Have Exhausted Concerning this Very Case Claims MOTION to Produce MOTION to Hold Decision of Report and Recommendation until Defendants Produce a Copy of the Grievance Plaintiff Did Have Exhausted Concerning this Very Case Claims MOTION to Produce filed by Rakesh Chandra, Jill Stevens, Cheryl Couch, Katherine Lingle, Kristin Kwasniewski (Doc. No. 61).

Also pending is plaintiff's request for a subpoena directed to the custodian of his medical and mental health care records (Doc. No. 72). The motion is opposed by defendant Rhodes, who has made arrangements for plaintiff to review his medical records (Doc. No. 75). Because plaintiff currently has access to his medical and clinical records, a subpoena duces tecum may not be

necessary.  See 20 Ill. Admin. Code §§ 107.310, 107.330.  If a subpoena duces tecum becomes necessary, plaintiff may submit his request for a subpoena to the Clerk for the U.S. District Court for the Central District of Illinois, as it appears that he is seeking production of records in Pontiac, Illinois, which is located in Livingston County.  Fed. R. Civ. P. 45(a)(2); 28 U.S.C. § 93(b).  Accordingly, this motion (Doc. No. 72) is DENIED without prejudice to plaintiff's right to request a subpoena duces tecum from the appropriate District Court Clerk.

Also pending is plaintiff's motion for a HIPAA qualified protective order.  Because the requested order has been entered, this motion (Doc. No. 73) is MOOT.

Also pending is plaintiff's discovery request.  Federal and local rules provide that such requests shall be served upon other counsel or parties, but shall not be filed until they are used in the proceeding or the Court orders filing.  Fed. R. Civ. P. 5(d); Local Rule 26.1(b).  Plaintiff's discovery request (Doc. No. 80) was filed in violation of these Rules and is ORDERED STRICKEN.

SO ORDERED:    January 17, 2006    .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**