IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02-CV-1161-JPG |
| ) | |
| RAKESH CHANDRA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

**I.    Introduction**

On January 26, 2007, this Court granted Rhodes's motion for summary judgment[1] on Jones's due process claim, granted Chandra, Stevens, Couch, Clover, and Kwasniewski's motions for summary judgment on Jones's Eighth Amendment and retaliation claims, and denied Chandra, Stevens, Couch, Clover, and Kwasniewski's  motions with respect to their qualified immunity and exhaustion claims.

In her original motion for summary judgment, Rhodes failed to address Jones's retaliation claim; in their original motions, Chandra, Stevens, Couch, Clover, and Kwasniewski failed to address his due process claim.  The Court granted defendants leave to file supplemental motions for summary judgment.  Defendants have filed their respective motions (Doc. 164, 176), and Jones has responded (Doc. 169, 179).  In the meantime, Jones filed a motion for extension of time to respond to defendants' motion (Doc. 168).  The Court considers Jones response (Doc. 169) timely and therefore finds his motion for extension of time **MOOT**.  Jones also filed a motion to reconsider or vacate the Court's

---

[1] In this order, the Court assumes the reader's familiarity with the facts of this case.

Order of January 26, 2007 (Doc. 170), to which defendants have responded (Docs. 172, 173). For the following reasons, the Court will **GRANT** defendants' supplemental motions for summary judgment, **DENY** Jones's motion for reconsideration or vacation, and dismiss this case **WITH PREJUDICE**.

## II.     Analysis

### A.     Motion for Reconsideration or Vacation

The Court construes Jones's motion as one made pursuant to Federal Rule of Civil Procedure 60(b). *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993).

Jones offers a number of grounds for vacating the Court's prior order, but primarily, he contends that the Court failed to apply the correct standard of review and failed to recognize material disputed facts. Otherwise, Jones has merely restated arguments the Court has already considered and rejected. Accordingly, the Court finds that Jones's motion does not present special circumstances justifying relief under Rule 60(b). The Court therefore **DENIES** Jones's motion to vacate or

reconsider.

**B.     Chandra, Stevens, Couch, Clover, and Kwasniewski's Supplemental Motion for Summary Judgment**

The Court extensively analyzed the merits of Jones's due process claim in its last order. After reviewing the briefs, the Court concludes that his claims against Chandra, Stevens, Couch, Clover, and Kwasniewski fail for the same reasons his due process claim against Rhodes failed. Jones's response to defendant's supplemental motion does not add anything to the analysis or offer any persuasive reason why the Court's determination as to Rhodes is not dispositive as to the remaining defendants. Accordingly, the Court **GRANTS** defendants' supplemental motion for summary judgment

**B.     Rhodes's Supplemental Motion for Summary Judgment**

The Court also finds that Jones's retaliation claim against Rhodes fails for the reasons explained in its previous order. Accordingly, the Court **GRANTS** Rhodes's motion for summary judgment.

**III.    Conclusion**

The Court hereby **FINDS** Jones's motion for extension of time (Doc. 168) **MOOT**, **GRANTS** defendants' supplemental motions for summary judgment (Docs. 164, 176), **DENIES** Jones's motion for reconsideration (Doc. 170), and **DISMISSES THIS CASE WITH PREJUDICE**.

**IT IS SO ORDERED.**

**Dated: April 30, 2007**

                                               s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **U.S. District Judge**